**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10258 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00348-MHP-1 |
| v. | |
| CARLOS ASPRILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted March 14, 2012
San Francisco, California

Before: CALLAHAN and BEA, Circuit Judges, and BENNETT, District Judge.[**]

Carlos Asprilla appeals the district court's denial of his motion for

suppression of evidence and his subsequent conviction, after a bench trial, for

having violated 18 U.S.C. § 922(g)(1), which prohibits felons' possession of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for Northern Iowa, sitting by designation.

firearms.  The parties are familiar with the facts underlying the appeal and thus we do not include them here.

Asprilla argues that the search of his person pursuant to a warrantless search condition imposed pursuant to his probation agreement, which led to the discovery of a gun in Asprilla's waistband and a magazine in his jacket pocket, violated the Fourth Amendment.  He also argues that the subsequent search of his girlfriend's apartment, which uncovered another magazine, violated the Fourth Amendment.

The search of Asprilla's person did not violate the Fourth Amendment.  No suspicion is required to search a probationer who is subject to a warrantless search condition such as Asprilla's.  *United States v. King*, --- F.3d ----, 2012 WL 807016, (9th Cir. March 13, 2012).

In addition, the search of his girlfriend's apartment did not violate the Fourth Amendment because there was probable cause to believe that Asprilla resided there.  *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006).  The police had an anonymous tip that, *inter alia*, Asprilla lived at his girlfriend's apartment on Ingalls Street in an apartment matching the location of a parking lot near the apartment and a description of the apartment searched.  The police saw Asprilla driving a car registered to the owner of the apartment and watched him park it at the apartment.  The police also saw a car registered to Asprilla parked at that apartment.  The description of the cars matched the description given in the tip.  *Cf.*

*United States v. Alvarez*, 899 F.2d 833, 837 (9th Cir. 1990). Later, the police again saw Asprilla at the apartment and saw him open the door to a friend and remain inside some time. The police then saw that Asprilla had a set of keys to the apartment. *See United States v. Harper*, 928 F.2d 894, 896–97 (9th Cir. 1991). Finally, by the time the police searched the apartment, the tip had been further corroborated by the fact that, as the tipster said, Asprilla did have a gun on his person.

Because no suspicion was required to search Asprilla and because probable cause existed that he was residing at his girlfriend's Ingalls Street apartment, we need not consider whether the search was alternately justified by exigent circumstances.

**AFFIRMED.**